IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 04-cr-40039-JPG |
| ) | |
| DAPHNE BRADEN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the pro se Motion to Amend Sentence (Doc. 756) filed by defendant Daphne Braden. Braden pled guilty to one count of conspiracy to manufacture, possess with intent to distribute, and distribute 500 grams of a mixture or substance containing methamphetamine. She was sentenced on December 7, 2006. Braden now asks the Court to reduce her sentence for good behavior.

"Generally, a district court has no power to modify a sentence once it has been imposed." *United States v. Jackson*, No. 08-3188, slip op. at 3 (7th Cir. 2009) (*citing United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006)); 18 U.S.C. 3582(c). A limited exception applies when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

However, the advisory guideline sentencing ranges for crimes involving methamphetamine, unlike those for crimes involving crack cocaine, have not been lowered by the Sentencing Commission. Accordingly, in this case, no exception applies to the general rule that the Court lacks the power to modify a sentence once it has been imposed. Therefore, the Court **DISMISSES** Braden's Motion (Doc. 756) for lack of jurisdiction.

**IT IS SO ORDERED.**
**Dated: July 22, 2009**

                                                                             s/ J. Phil Gilbert
                                                                             **J. PHIL GILBERT**
                                                                             **U.S. District Judge**